IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Carol J. Macdonald, | No. C 03-03538 JW |
|         Plaintiff(s), | |
|   v. | **ORDER FOLLOWING PRELIMINARY PRETRIAL CONFERENCE** |
| Zurich Life Insurance Company of America, et al., | |
|         Defendant(s). | |

On Monday, June 6, 2005, the Court conducted a preliminary pretrial conference. The Court orders the parties to comply with the following:

### A. Meet and Confer Requirement

1. On or before Wednesday, October 12, 2005, the parties shall meet and confer with respect to the Joint Pretrial Conference Statement, submission of a joint list of witnesses, a joint list of trial exhibits and a joint list of discovery material which each party intends to offer in evidence as a part of its case-in-chief. Unless objections are made in accord with this Order, all witnesses, exhibits and discovery material contained on the joint submission shall be deemed admissible into evidence by stipulation.

### B. Objections and Lodging Disputed Material with the Court

2. If a party objects to receipt into evidence of a witness, exhibits or discovery response, the party shall advise all opposing parties during the conference and attempt to resolve the dispute. If the parties are unsuccessful in resolving the dispute, any party wishing to object to receipt of the testimony of any witness, any exhibit or discovery response into evidence shall lodge with Chambers

1  a copy of the disputed material on or before Friday, October 21, 2005, together with a brief statement
2  of the objection and any response by the proffering party.  The Court will indicate on the submitted
3  copy whether the objection is overruled or sustained and return the material to counsel.

      C. <u>Lodging Joint Pretrial Conference Statement and *In Limine* Motions</u>

3. On or before Friday, October 21, 2005, the parties shall file and lodge with Chambers the following:

    a. <u>Joint Pretrial Conference Statement:</u> The parties shall file a joint pretrial statement which shall contain the following information:  (1) a brief description of the substance of each claim which remains to be decided (the description must list the essential elements which the party contends it must prove in order to prevail on each claim); (2) as to each claim, a detailed statement of all the relief requested, particularly itemizing the amount of damages being requested; (3) as to each claim, a description of each defense which is being asserted; (4) a plain and concise statement of any relevant facts not disputed to which the parties stipulate; (5) a list of all fact witnesses likely to be called at trial, other than solely for impeachment or rebuttal; (6) a list of all expert witnesses and the field of expertise in which the witness is tendered as an expert; (7) an estimate of the number of hours needed for the presentation of each party's case; and (8) any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination.

    <u>Counsel are directed to meet and confer in advance of the date for submission of pretrial material with respect to the pretrial conference statement</u>.

    b. <u>*In Limine* Motions</u>: Any *In limine* motions shall be filed in writing and submitted along with the Joint Final Pretrial Conference Statement.  Any opposition shall be filed in writing and served on or before Friday, November 11, 2005.  These motions will be deemed submitted without oral argument, unless the Court orders otherwise.

      D. <u>Final Pretrial Conference</u>

1     4.    The Court will conduct a Final Pretrial Conference with the parties on Monday,
November 21, 2005 at 3:30 p.m. The trial attorneys must attend the conference. At the final pretrial conference the Court will consider issues raised in the Final Pretrial Conference Statement, motions *in limine* and discuss the procedures for trial of the case.

        E.  <u>Lodging Witness Lists, Exhibit Lists and Proposed Jury Instructions</u>

    5.    On Tuesday, December 6, 2005, the parties shall lodge with Chambers the joint list of witnesses, and a joint list of exhibits. Unless otherwise ordered, all exhibits shall be in a format compatible with either the video or digital evidence presentation system utilized by the Court. The proffering party shall retain custody of all exhibits, schedules, summaries, diagrams or charts to be used at the trial.

    6.    Upon request, in noncomplex cases the Court will excuse the parties from using electronic formatted documents. In that event on the first day of trial, the parties shall submit exhibits as follows:

        a. A copy for the trial judge;

        b. A copy for the witness stand. The Court prefers the parties to prepare a binder for each witness, which contains only those documents pertinent to that witness.

        c. No duplicates of a document shall be submitted, unless the duplicate copy has independent evidentiary value to prove some disputed issue of material fact (e.g., date stamp to prove receipt on a particular date, where date of receipt is a disputed issue of a material fact).

    7.    At the Final Pretrial Conference, the parties shall submit proposed jury instructions and verdict forms on both hard copy and disk format. The Court will give the preliminary instructions contained in the <u>Model Jury Instructions of the Ninth Circuit</u> at the beginning of the trial and will give the standard closing instructions <u>Model Jury Instructions of the Ninth Circuit</u> prior to closing argument. The parties need not submit preliminary or introductory closing instructions, unless they wish the Court to consider giving a particular instruction.

    8.    If the parties are unable to agree on a particular substantive instruction, the set of instructions submitted by the parties shall contain each party's version of the contested instruction

3

containing a citation of authority for the instruction.

### F. Proposed Findings (Nonjury Trials)

9. In nonjury trials, on the first day of trial, each party shall submit its proposed findings of fact and conclusions of law.

### G. Trial Schedule

10. Pursuant to stipulation, the trial schedule for this case will be as follows: December 6, 7, 8, 9, 2005. On December 6, 2005, the parties shall conduct jury selection from 9:00 a.m. to 12:00 p.m. Trial proceedings shall begin in full on December 6, 2005 from 1:00 p.m. to 4:00 p.m. The trial proceedings on December 7, 8, and 9 are scheduled from 1:00 p.m. to 4:00 p.m. The parties shall argue and submit their cases on December 9.

NOTE: This schedule assumes that this Court will have a separate (and unrelated) criminal trial to conduct on the mornings of December 7, 8, and 9. If it turns out that this Court will not need to conduct a criminal trial on those days, the trial proceedings in this case shall run from 9:00 a.m. to 4:00 p.m. on December 7 and 8. In that situation, the parties shall argue and submit their case on December 8.

11. The time allowed for trial shall be divided equally between the plaintiff's side and the defendant's side. Co-parties are ordered to meet, confer and agree to an allocation among themselves. A party may spend its allocated time presenting its own case or on cross-examination of witnesses called by other parties or for presentation of a counterclaim. When a party's allocated time period has expired, unless otherwise ordered for good cause shown, no further time will be allowed to that party if it would interfere with the ability of the opposing party to present its case.

### H. Alternative Dispute Resolution

12. As a final matter, the parties shall, by Friday, July 29, 2005, notify the Court by Joint Statement as to the alternative dispute resolution mechanism they have selected.

Dated: June 9, 2005                    /s/James Ware
                                       JAMES WARE
03eciv3538pptc                         United States District Judge

4

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Edward M. Bull ebull@banningmicklow.com
Geoffrey T. Tong gtong@manatt.com
Henry Chi-Jen Wang Hwang@manatt.com
Kurt Micklow kmicklow@banningmicklow.com
Lois A. Lindstrom llindstrom@eakdl.com
Soonhyung Nancy Whang Nwhang@manatt.com

**Dated: June 9, 2005**     **Richard W. Wieking, Clerk**

**By:/s/JWchambers**
   **Ronald L. Davis**
   **Courtroom Deputy**